**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GWENDOLYN CHUBB,          )
                                )
        Plaintiff,        )     No. 12 C 10247
                                )
        v.              )
                                )     Judge Edmond E. Chang
EDWARD ARCE, NANCY KATZ,   )
RHEA DORSAM, DANIEL FLOREY, )
MICHAEL LEW, and          )
THE BRANCH FAMILY INSTITUTE, )
                                )
        Defendants.    )

**ORDER**

Plaintiff Gwendolyn Chubb, acting *pro se*, filed this lawsuit against state-court judges, lawyers, and a non-profit organization for allegedly violating her constitutional rights. Because she is seeking *in forma pauperis* status, the complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997), as well as complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (denying *in forma pauperis* status to file certiorari petition from appeal applying § 1915(e)(2)(B)(i) to non-inmate); *Rowe*, 196 F.3d at 783.

In addressing any *pro se* litigant's complaint, the Court must construe the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). The Court will grant leave to proceed if there is an arguable basis for a claim in fact or law. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). But dismissal of the complaint is the proper course where it is clearly baseless or fanciful, *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992), or fails to state a claim, § 1915(e)(2)(B)(ii), or seeks monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii).

As best as can be discerned, Chubb complains about the orders issued in her divorce proceeding in state court. It appears that, in 2008, Judge Edward Arce presided over the divorce proceeding; Rhea Dorsam was Chubb's attorney; and Daniel Florey also was an attorney, but it is not clear what role he played in the case. R. 1 at 6-7, 16. Chubb alleges that the "final divorce judgment" granted her ex-husband, Steven Shavers, sole custody of their two children; suspended her visitation rights; and required her to tender to Shavers a quit-claim deed to their home. R. 1 at 16. The problem with this claim is that Chubb asks a lower federal court to overturn the state-court judgment, but this Court has no jurisdiction to do so under the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine is jurisdictional in nature. . . . It prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction. *Skinner v. Switzer*, – U.S. –, 131 S. Ct. 1289, 1297 (2011). To be sure, the doctrine is a narrow one, *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir.2008) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)), but here it fits because Chubb is a losing party to a state-court case and is asking a federal district court to reject the state-court judgment. If Chubb wishes to challenge the state-court orders, she must appeal them in Illinois state court, and if dissatisfied with the Illinois Appellate Court and Illinois Supreme Court, then must

petition the United States Supreme Court to hear her case. The lower federal courts cannot overturn the state-court judgments.

With regard to the remaining defendants, it appears that Nancy Katz is the state-court judge who has presided over the ongoing domestic disputes since November 2009, R. 1 at 8-10, and Michael Lew is the guardian ad litem, R. 1 at 15. It is not clear what role the Branch Family Institute has played.[1] In any event, here too Chubb's complaints about Judge Katz and Guardian Lew have no jurisdictional foundation to the extent that Chubb seeks to challenge the state-court decisions.

In addition to the jurisdictional problem with the complaint, when the allegations that are not conclusory, bare assertions of legal elements are disregard, the complaint does not adequately state plausible claims. Conclusory recitations of the legal elements of a claim and bare assertions are not entitled to the assumption of truth when evaluating whether allegations in a complaint state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). Rule 8 does reject "hyper-technical" code-pleading, "but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Moreover, to adequately state a claim, the complaint's well-pleaded facts must allow a court to infer "more than the mere possibility of misconduct," that is, the claim of misconduct must be plausible, not merely possible. *Id.* at 679. Here, many of the allegations are quotes or paraphrases from federal

---

[1]The Institute is a non-profit organization that provides counseling services for low-income families, and it also offers a supervised visitation program for non-custodial parents to visit with their children. *See* thebranchfamilyinstitute.org/Home_Page.html.

criminal statues, R. 1 at 7, 9-10, the federal recusal statute, R. 1 at 8, and Illinois laws, R. 1 at 7, 9. Those allegations are bare recitations of legal elements and do not count toward the assessment of whether a claim has been stated. There are other allegations of the purported consequences of the divorce proceedings, R. 1 at 12-14, and as anguished as Chubb does seem to genuinely feel about the harsh consequences (including a heart-wrenching description of a December 2012 encounter with her daughter), those allegations do not contain facts as to what misconduct supposedly created those results. Thus, as an alternative to dismissal of the complaint for lack of jurisdiction, the Court would dismiss the complaint for failure to state a plausible claim.

For all those reasons, the motion to proceed *in forma pauperis* [4] is denied. The motion for appointment of counsel [5] is denied as moot, and is also denied on the merits because the help of a lawyer would not fix the defects in the complaint. Any other motions are terminated as moot. The case is dismissed with prejudice.

ENTERED:

s/Edmond E. Chang
HONORABLE EDMOND E. CHANG
United States District Judge

Date: March 4, 2013

4